Honorable Gene Raff Prosecuting Attorney P. O. Box 1098 Forrest City, Arkansas 72335
Dear Mr. Raff:
This is in response to your request for an opinion regarding a particular contract entered into by the Forrest City Special School District No. 7. Your specific questions are paraphrased as follows:
 1. Is W. L. Laws prohibited from serving as a supplier to a prime contractor by virtue of his relation to the superintendent of schools? W. L. Laws is the brother of James L. Laws, the Superintendent of the Forrest City School District, and has been selected by the prime contractor to supply certain materials in the construction of two school buildings for the district.
 2. Is the school district prohibited from contracting with W. L. Laws because his brother, James L. Laws, now serves as superintendent of schools?
School board members must subscribe to an oath under Ark. Stat. Ann. 80-505 (Repl. 1980) which states in pertinent part:
 ". . . I will not be interested, directly or indirectly, in any contract made by the district of which I am a director, except that said contract be for materials bought on open competitive bid and let to the lowest bidder. . . ."
See also Ark. Stat. Ann. 80-1909 (Cum. Supp. 1985), as amended by Act 80 of 1987.
The case of Brewer v. Howell, 227 Ark. 517, 299 S.W.2d 851 (1957) may be dispositive of the questions posed. The school district in that case purchased supplies from a business concern owned by the father of one of the school board members. The school board member was also an employee of the business; but the business was solely owned by the member's father. The Arkansas Supreme Court upheld the transactions between the school district and the merchant, stating:
 . . . purchases made from a business concern employing a school board member are not in violation of the law, for such director is not interested either `directly on indirectly' as is contemplated by the statute [80-505].
227 Ark. at 525.
The ownership of the business in that case by a board member's father even coupled with the member's employment by the business, did not compel an injunction against the transactions in question. This case supports the proposition that W. L. Laws is not prohibited from serving as a supplier to the prime contractor who has contracted with the district. It is also reasonable to conclude, following the Court's ruling in Brewer v. Howell, that the school district is not prohibited from contracting with W. L. Laws following James L. Laws' assumption of the position of school superintendent. It is therefore my opinion that the answer to both questions is no.
It should be noted that these conclusions are premised upon the assumption that James L. Laws has no financial interest in W. L. Laws' business concern. (According to the ruling in Brewer v. Howell, supra, mere employment does not indicate that the school board member is interested "directly or indirectly" within the meaning of 80-505.) If there is proof of a direct or indirect interest, and the contract or purchase exceeds five hundred dollars ($500.00), the transaction(s) will be unlawful unless they result from the lowest bid in an open competitive bid process. See 80-1909, as amended by Act 80 of 1987.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.